FILED
NOV 03 2016

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| TERRI MCFAYDEN,<br><br>                 Plaintiff,<br><br>vs.<br><br>CONSUMER'S FEDERAL CREDIT UNION,<br>     and<br><br>SARA ZIMBELMAN, individually<br>    and as CEO and President of<br>    Consumer's Federal Credit Union,<br><br>                 Defendants. | CASE NO. 16-3042 |

## COMPLAINT

Plaintiff, Terri McFayden, brings this action against Defendants, Consumer's Federal Credit Union and Sara Zimbelman, for damages under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (the "FCRA") and under South Dakota common law. Plaintiff alleges as follows:

### JURSIDICTION AND VENUE

1. This is an action arising under the FCRA, 15 U.S.C. §§ 1681-1681x; and under South Dakota common law, to obtain monetary damages, including punitive damages, attorney's fees and costs, and other equitable relief for Defendants' willful violation of the FCRA and South Dakota law.

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p, as Plaintiff seeks to enforce a liability created under 15 U.S.C. Ch. 41, Subch. III and pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as both defendants reside in this judicial district, and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

4. Plaintiff is an individual and resident of Burke, Gregory County, South Dakota.

5. Defendant Consumer's Federal Credit Union ("CFCU") is a credit union existing and doing business under the laws of the United States and regulated by the National Credit Union Administration. Its principal place of business is 301 W. Highway 18, Gregory, South Dakota 57533. At all times relevant to this Complaint, Defendant CFCU has transacted business in Gregory County, South Dakota.

6. Upon information and belief, Defendant Sara Zimbelman ("Zimbelman") is an officer of CFCU, serving as President and CEO of CFCU. As such, Defendant Zimbelman plays an active role in the management and/or supervision of CFCU's activities and acts as an agent of CFCU. Upon information and belief, at all times relevant to this Complaint, Defendant Zimbelman resided in and transacted business in Gregory County, South Dakota.

## CONDUCT OF DEFENDANTS

7. Paragraphs 1-6 are re-alleged and incorporated herein by reference.

8. At all times relevant to this Complaint, Defendants have provided financial services, in or affecting commerce.

9. On or about March 26, 2016, Plaintiff contacted Defendants to find out whether she and her husband would be able to take out a small personal loan to help with the medical bills incurred for special medical needs of two of their young children.

10. Plaintiff allowed Defendants to obtain her credit report for purposes of determining whether they would be extending her requested loan.

11. On or about March 29, 2016, Defendant Zimbelman called Plaintiff to inform her that Defendant CFCU would not be extending a loan to her. Plaintiff acknowledged such decision and thanked Defendant Zimbelman for her time.

12. On or about March 31, 2016, Defendant Zimbelman, individually and as an agent of CFCU, without permission or authorization by Plaintiff, handed out copies of Plaintiff's credit report to approximately 26 high school students and their teacher.

13. The copies of Plaintiff's credit report handed out by Defendant Zimbelman were partially redacted, but Plaintiff's current and former names and current and former addresses had not been redacted. Further, a portion of Plaintiff's social security number and a substantial amount of credit information were still visible on the credit report handed out by Defendant Zimbelman.

14. After handing out copies of Plaintiff's credit report to the class and teacher, Defendant Zimbelman made numerous derogatory comments to the class regarding "the person" to whom this credit report belonged.

15. As a result of Defendant's disclosure of Plaintiff's credit report and personal information, Plaintiff experienced, and continues to experience, extreme emotional distress as a result of the widespread knowledge throughout her community regarding her private information and financial struggles.

## COUNT 1

## VIOLATION OF FAIR CREDIT REPORTING ACT

16. Paragraphs 1-15 are re-alleged and incorporated herein by reference.

17. Section 1681b(a) of the FCRA identifies the circumstances under which a consumer reporting agency may furnish a consumer report. Section 1681b(f) of the FCRA provides that a person may not use a consumer report for any purpose unless it is a "purpose for which the consumer report is authorized to be furnished under this section." Subsection (f),

4

therefore, applies all of the requirements of subsection (a) to parties who request and/or use credit information.

18. Defendants' disclosure of Plaintiff's credit information on or about March 31, 2016 was not a permissible use pursuant to section 1681b of the FCRA, and thus Defendants' actions were in direct and willful violation of the FCRA.

19. Defendants knew or should have known that their actions were in violation of the FCRA, and Defendants acted in reckless disregard of Plaintiff's rights under the FCRA.

20. As a direct and proximate result of Defendants' willful violation of the FCRA, Plaintiff suffered damages in an amount to be determined by a finder of fact.

## COUNT 2.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Paragraphs 1-20 are re-alleged and incorporated herein by reference.

22. Defendants' conduct in distributing copies of Plaintiff's credit report and speaking derogatorily regarding Plaintiff was extreme and outrageous conduct that went beyond all possible bounds of decency.

23. Defendants' acted in reckless disregard of the consequences and severe emotional distress that would result to Plaintiff.

24. As a direct and proximate result of Defendants' conduct, Plaintiff suffered, and continues to suffer, severe emotional distress.

### RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

1. Awarding Plaintiff compensatory damages plus statutory prejudgment interest available pursuant to the FCRA and/or South Dakota law;
2. Awarding Plaintiff statutory damages in the amount of $1,000;

3. Awarding Plaintiff such punitive damages as the Court deems just and equitable in the premises;
4. Awarding prejudgment and post-judgment interest;
5. Awarding Plaintiff her fees and costs, including attorney's fees, incurred in this matter; and
6. Granting Plaintiff such other relief as the Court finds just and equitable in the premises.

## DEMAND FOR JURY TRIAL

Plaintiff, Terri McFayden, by and through her undersigned counsel hereby respectfully demands a trial by jury on all issues so triable.

Dated this 20TH day of October, 2016.

MYERS BILLION, LLP

By _____
Sharla B. Svennes
Attorneys for Plaintiff
230 S. Phillips Avenue, Suite 300
Sioux Falls, SD 57104
(605) 336-3700
Fax: (605)336-3786
e-mail: ssvennes@myersbillion.com